IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| BRENT POLL,<br><br>        Plaintiff,<br><br>v.<br><br>JACOB J. LEW, Secretary, Department of the Treasury,<br><br>        Defendant. | MEMORANDUM DECISION<br><br>Case No. 1:14-cv-00090-DBP<br><br>Magistrate Judge Dustin B. Pead |

## INTRODUCTION

The parties consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c). (Dkt. 13.) Plaintiff Brent Poll ("Plaintiff") alleges he has been improperly denied federal retirement benefits that he was promised during settlement negotiations in the 1980s. Presently before the Court is the government's motion to dismiss.[1] (Dkt. 9.)

## FACTUAL BACKGROUND

Plaintiff worked for the Internal Revenue Service ("IRS") until July 1983 when he left after refusing an out-of-state reassignment. (Dkt. 1, Ex. A at 1.) At the time of the reassignment, Plaintiff withdrew $18,057.00 in retirement contributions from the Civil Service Retirement System (CSRS). (*Id.*) Plaintiff then applied for a job at another federal agency, Defense Depot at Ogden, Utah ("DDOU"). (*Id.*; Dkt. 17 at 1–2.) Plaintiff's former IRS supervisor made negative comments to DDOU about Plaintiff's performance at the IRS. (Dkt. 1, Ex. A at 1.) As a result of these comments Plaintiff's hiring was delayed until August 27, 1984. (*Id.* at 2.) Plaintiff learned

---

[1] Plaintiff mailed a surreply to the undersigned's chambers and apparently to opposing counsel. While the Court considered this material and docketed it for Plaintiff (Dkt. 19), he is reminded that, in the future, he must seek leave of Court before filing a surreply. D.U. Civ. R. 7-1(b)(2)(B).

in December 1984 that this delay made him ineligible to participate in CSRS because he had not been rehired within "the prescribed one-year time frame for this benefit." (*Id.*)

Plaintiff filed two claims with the IRS alleging retaliation. (*Id.*) As part of his requested relief, Plaintiff sought reinstatement in the CSRS. (*Id.*) When the IRS found Plaintiff's claims were not supported by the evidence, Plaintiff requested a hearing before the Equal Employment Opportunity Commission ("EEOC"). (*Id.*) During settlement negotiations in the summer of 1987, DDOU employees told Plaintiff that he could elect a "CSRS-Offset" retirement option that would allow him ultimately to benefit from the CSRS. (*Id.*) Those employees also advised Plaintiff not to pay back his earlier CSRS withdrawal (*Id.* at 4.) Plaintiff then contacted the EEOC and indicated that he would settle his claims. (*Id.* at 2.) On July 28, 1987, Plaintiff settled his EEOC claims. (*Id.* at 3.) This settlement does not mention retirement benefits. (*Id.*) In 1991, Plaintiff left federal service. In 1992 he withdrew the $2,249.57 he contributed to the CSRS Offset program, relying on advice he had been given previously that he could withdraw retirement contributions without affecting his eligibility in the CSRS-Offset program. (*Id.* at 4.)

In June 2009 Plaintiff learned that he was not entitled to CSRS retirement benefits because he had withdrawn all of his contributions.[2] In 2011, Plaintiff wrote to the EEOC's Phoenix Office alleging breach of the 1987 settlement agreement. (*Id.* at 5.) The EEOC determined that there had been no breach of the settlement agreement. (*Id.* at 7–8.)

## **ANALYSIS**

Defendant seeks dismissal of Plaintiff's claims for lack of subject-matter jurisdiction under Rule 12(b)(1). Defendant argues that the Court lacks subject-matter jurisdiction over the present suit because Plaintiff is seeking to enforce the 1987 settlement agreement and the Tenth Circuit

---

[2] Plaintiff acknowledges that the advice he was given about withdrawals was correct at the time it was provided. (Dkt. 1 at 13.)

has held that federal courts lack jurisdiction over such claims. (Dkt. 9 at 3.) Defendant also argues that even if subject matter jurisdiction exists, Plaintiff failed to follow the prescribed administrative procedures for enforcing such a settlement agreement. Finally, Defendant points out that Plaintiff has been enjoined from filing lawsuits based on his termination from the IRS or "any events related" to that termination.

In response, Plaintiff details the events leading to his EEO complaint against the IRS and its eventual settlement. (Dkt. 17.) Plaintiff argues that the present suit does not relate to his termination from the IRS, but his hiring at DDOU. Plaintiff argues that his Complaint does not allege any breach of the settlement agreement.

## I. Plaintiff's Complaint fails to state a viable claim for relief.

Plaintiff has been enjoined from filing suit regarding his termination from the IRS and events related to that termination. Likewise, as Plaintiff concedes, the Court lacks jurisdiction over claims for breach of the 1987 settlement agreement.

### a. Plaintiff has been enjoined from bringing a lawsuit for any events related to his termination from the IRS.

The portion of Defendant's motion addressing the injunction is most properly analyzed under Rule 12(b)(6). When evaluating such a motion, the Court must "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). Further, the Court is mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Court takes judicial notice of the injunction previously entered against Plaintiff by Judge Campbell: "ENJOIN[ING] Plaintiff from further filings based on his firing from the IRS or any events related to that firing." *Poll v. Paulson*, No. 06-144, 2008 WL 118076, at *1 (D. Utah Jan.

8, 2008). Plaintiff's Complaint details the problems leading to his termination from the IRS. He alleges "discriminatory/retaliatory" actions by his former supervisor at the IRS in each of his causes of action. Those allegations mirror the allegations already dismissed in the District of Utah and elsewhere. *See Poll v. Paulson*, No. 06-144, 2008 WL 118076, *2–3 (D. Utah Jan. 8, 2008) ("Judge Wells concluded that Plaintiff could not have reasonably thought that the present action had any merit, especially given Plaintiff's long history of repeating his complaint in various forms and forums over the past two decades.").

Plaintiff attempts to avoid application of this injunction by arguing that he challenges not his termination from the IRS, but his hiring at DDOU. This argument is unpersuasive. Plaintiff's prior lawsuit included allegations that the IRS interfered with Plaintiff's subsequent employment at DDOU. Indeed, the Complaint in this case contains much of the same substance as the complaint in *Paulson*. The Court concludes that the subsequent DDOU hiring is included in the "events related" portion of the injunction prohibiting Plaintiff from filing suit challenging his IRS termination. Thus, the Court rejects Plaintiff's attempt to recast his repetitive allegations as something other than an attempt to bring a lawsuit he has been specifically instructed not to file.[3]

Based on the foregoing, Plaintiff has not asserted any cause of action that does not relate to "his firing from the IRS or any events related to that firing." "Most of these arguments have been offered and rejected for over twenty years." *Poll v. Paulson*, 06-144, 2008 WL 118076, at *5 (D. Utah Jan. 8, 2008).

---

[3] Even absent this injunction, Plaintiff is barred from litigating the merits of the alleged discrimination from the 1980s by virtue of the 1987 settlement agreement that he states he does not attempt to challenge here. *See* Part I.b. *infra*.

### b. The Court lacks subject-matter jurisdiction over any alleged breach of the settlement agreement.

As the government suggests, Plaintiff's Complaint could be interpreted as alleging breach of the 1987 settlement agreement. Indeed, this is how it was interpreted by the EEOC because Plaintiff invoked the regulations governing breach of a settlement agreement. (*See* Dkt. 1, Ex. A at 5.) The Tenth Circuit has held that a district court does not have subject-matter jurisdiction to hear claims for breach of an agreement to settle employment discrimination claims against a government entity. *Lindstrom v. United States*, 510 F.3d 1191, 1195 (10th Cir. 2007). The Tenth Circuit so held because the United States is immune from suit, unless its sovereign immunity has been explicitly waived. *Id.* at 1193. While Title VII provides for a limited waiver of sovereign immunity, that waiver does not extend to suits to enforce settlement agreements. *Id.* at 1195. Instead, aggrieved parties must file any claim for breach of a settlement agreement administratively and appeal through the EEOC. *See* 29 C.F.R. § 1614.504.[4]

The Court need not spend much time analyzing this issue because Plaintiff concedes that the Court lacks jurisdiction over any claims for breach of the 1987 settlement agreement. (Dkt. 17 at 6.) Plaintiff insists that he is not challenging the settlement agreement here. (*Id.*) Presumably, he does this to avoid the dismissal mandated by *Lindstrom*. Unfortunately, he does not suggest any proper alternative basis for his claim. The only alternatives the Court can conceive have been precluded by the injunction discussed above.

Based on the foregoing, Plaintiff's claims are barred by the previous injunction order. Further, even if the Court construed Plaintiff's allegations as a breach of the 1987 settlement agreement, the Court lacks jurisdiction.

---

[4] Even if Plaintiff's action could be construed as a proper challenge to the EEOC's decision, the Court would affirm the EEOC's decision because it is clear from the text of the settlement agreement that it does not address Plaintiff's retirement benefits. (*See* Dkt. 1, Ex. F.)

## **ORDER**

Based on the foregoing, the Court **GRANTS** Defendant's motion to dismiss. (Dkt. 9.) This case is closed. Plaintiff's claims regarding his termination are dismissed with prejudice. To the extent Plaintiff alleges a breach of the settlement agreement, such claims are dismissed for lack of subject-matter jurisdiction. Plaintiff is further admonished to comply with the injunction prohibiting successive lawsuits regarding his termination from the IRS in 1983 and any events related to his termination.

Dated this 30th day of July, 2015.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge